# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

THE ESTATE OF  PLAINTIFFS
JOSEPH CONWAY MANUS, et al.

V.  CIVIL ACTION NO. 1:11-CV-00149-SA-DAS

CITY OF EUPORA, MISSISSIPPI, et al.  DEFENDANTS

## ORDER

In preparation of the trial of this matter, the Court has been made aware of the following controversies regarding proposed deposition testimony to be admitted into evidence. In the interest of clarity and judicial efficiency, the Court elects to resolve these disputes prior to the commencement of trial. The Court finds as follows:

### Plaintiffs' Objections

Pursuant to the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi:

> [d]epositions to be introduced in evidence other than for rebuttal or impeachment purposes must be abridged **before the pretrial conference or submission of the order**, as follows:
>
> (A) The offering party must designate by line and page the portions of the deposition it plans to offer.
>
> (B) The opposing party or parties must designate by line and page any additional portions of the deposition to be offered and must identify distinctly any portions of the deposition previously designated by any other party to which objection is made.
>
> (C) The offering party must thereafter identify distinctly any portions of the deposition previously designated by any other party to which objection is made.
>
> . . .

L. U. Civ. R. 16(j)(5)(A-C) (emphasis added). Additionally, the Proposed Pretrial Order agreed to by the parties in the case at bar, specifically states:

> Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before the trial. All objections not submitted within that time are waived.

(emphasis in original).

Nevertheless, it came to the Court's attention on or about August 13, 2014 that the parties may have been under the erroneous assumption that prior notice to the Court of objections to proposed deposition testimony was unnecessary because the instant matter is set to be heard by bench trial. The parties were notified by email on that same day that, regardless of the nonjury nature of the case at bar, any objections to proposed deposition evidence must be submitted prior to trial for consideration by the Court. Acknowledging that the final pretrial conference held before the United States Magistrate Judge had taken place much closer to trial than is usual practice,[1] the Court allowed the parties an additional two days to submit objections for consideration and specifically stated that any objections not made by August 14, 2014 at noon would be deemed waived.[2]

On August 14, 2014, the Court received via email Defendants' specific objections to six of Plaintiffs' proposed depositions, along with marked copies of the relevant portions. The Court also received from Plaintiffs a marked copy of the deposition of Dr. Thomas Cullom and a document titled "Plaintiffs' Objections to Deposition of E. Thomas Cullom, III, M.D," which listed twenty-three designated portions of Cullom's deposition by page and line number. However, neither the document nor the marked deposition stated any basis for Plaintiffs' objection(s).

---

[1] The parties actually participated in two final pretrial conferences – one on July 18, 2014 and another on August 6, 2014.
[2] Additionally, the Court's extension and the waiver implications for failing to submit objections by the deadline was reiterated to Plaintiffs' counsel and paralegal by email on August 13, 2014.

Rather than simply deny Plaintiffs' objections as insufficiently stated, the Court directed Plaintiffs to submit specific objections to the designated deposition testimony and again extended the deadline for doing so until 5:00pm that day. The Court made clear that any objections not received by the deadline would not be considered. At approximately 4:40pm, the Court was notified that the internet service at the office of Plaintiffs' counsel had been down for several hours and that it was possible they would miss the Court's deadline. Whereas the Court had already received marked copies of the deposition to which Plaintiffs object, the paralegal for Plaintiffs' counsel was directed to fax the Court Plaintiffs' rationale for their objections before 5:00pm.

After the end of business, at 6:48pm, Plaintiffs' counsel sent the following in an email to the Court:

> All of Plaintiff's objections are the same: the selected portions of Dr. Cullom's deposition contains opinions that were not properly disclosed pursuant to Rule 26 and fail to meet the requirements of Rule 702 and *Daubert*. Plaintiffs stand on the arguments contained in their Motion to Exclude Dr. Cullom's testimony and request the Court hear Plaintiffs' cross-examination portion of Dr. Cullom's deposition and rule based on those arguments.

Whereas Plaintiffs failed to submit specific objections to the proposed deposition testimony of Dr. Cullom until well after the Court's deadline for doing so, the Court finds Plaintiffs' objections to be WAIVED. Further, Plaintiffs did not designate in the pretrial order any portion of Dr. Cullom's deposition that they wished to offer into evidence in response and their request for the Court to "hear Plaintiffs' cross-examination portion of Dr. Cullom's deposition" is insufficient and overly broad and is therefore DENIED.

### Defendants' Objections

The Court now turns to the merits of Defendants' objections.

*Walter Logan and Lawrence Caradine*

Defendants object to the following portions of Walter Logan's deposition:

Pg. 21, ln. 17 thru Pg. 40, ln. 2
Pg. 40, ln. 10 thru Pg. 45, ln. 1-11
Pg. 89, ln. 1 thru Pg. 91, ln. 3
Pg. 93, ln. 1-13
Pg. 112, ln. 23 thru Pg. 113, ln. 25
Pg. 114, ln. 11 thru Pg. 115, ln. 20
Pg. 142, ln. 10-21

and the following portions of Lawrence Caradine's deposition:

Pg. 4, ln. 12-14
Pg. 5, ln. 10-20
Pg. 9, ln. 25 thru Pg. 10, ln. 25
Pg. 12, ln. 20 thru Pg. 13, ln.1
Pg. 14, ln. 14-25
Pg. 16, ln. 6 thru Pg. 18, ln. 18
Pg. 19, ln. 2 thru Pg. 20, ln. 13
Pg. 20, ln. 23 thru Pg. 22, ln. 14
Pg. 22, ln. 24 thru Pg. 23, ln. 25
Pg. 25, ln. 1 thru Pg. 26, ln. 4
Pg. 28, ln. 3-19
Pg. 30, ln. 7 thru Pg. 31, ln. 13.

Defendants object to this testimony on the basis that the testimony is irrelevant, and in the case of Walter Logan's testimony, inadmissible hearsay. On July 31, 2014, Plaintiffs' filed a Motion to Clarify [351] this Court's earlier Order [324] and Memorandum Opinion [325]. Specifically, Plaintiffs contended the Court's prior opinion did not preclude them from introducing evidence at trial of events occurring after September 7, 2010 relating to their claims for denial of medical care against Defendants. This Court denied Plaintiffs' motion in its Order [365] dated August 6, 2014. Whereas the portions of deposition testimony to which Defendants object deal only with events occurring at the Webster County jail and are not relevant to any claims set for trial, and whereas the Court previously considered the testimony at both summary judgment and in ruling on Plaintiffs' motion to clarify, the Court finds that Defendants' objections are well taken and shall be GRANTED. The portions of Walter Logan's and Lawrence Caradine's depositions listed above shall not be admitted.

*Keith Crenshaw*

Defendants object to the following portions of Keith Crenshaw's deposition:

> Pg. 56, ln. 1 thru Pg. 57, ln. 18
> Pg. 58, ln. 22 thru Pg. 61, ln. 13
> Pg. 64, ln. 2 thru Pg. 66, ln. 6
> Pg. 90, ln. 8-25
> Pg. 96, ln. 16-23
> Pg. 97, ln. 5 thru Pg. 101, ln. 4.

Defendants object to this testimony on the basis that it is solely relevant to Plaintiffs' claim for deliberate denial of medical care and that the Court has previously dismissed Plaintiffs' claim. Indeed, in the portions of his deposition designated above, Crenshaw's testimony is limited to whether he heard Manus ask for medical assistance at his residence on September 7, 2010, what his response might have been in a hypothetical scenario regarding an arrestee's request for medical care, and whether he knew anything about Manus' condition after September 7, 2010. As with the depositions of Logan and Caradine, the Court previously considered this testimony at summary judgment and in ruling on Defendants' Motion for Reconsideration [219]. Having dismissed with prejudice Plaintiffs' claim against Crenshaw for denial of medical care, see [338] Order on Reconsideration, the Court finds the designated testimony irrelevant to the claims remaining for trial and therefore inadmissible. Defendants' objections are GRANTED.

*Rebecca Ellison*

Defendants object to the following portions of Rebecca Ellison's deposition:

> Pg. 4, ln. 15 thru Pg. 8, ln. 9
> Pg. 95, ln. 4-16
> Pg. 125, ln. 1-14
> Pg. 127, ln. 3 thru Pg. 136, ln. 25
> Pg. 141, ln. 13 thru Pg. 147, ln. 4.

Similar to their objections regarding the depositions of Logan and Caradine, Defendants object to this testimony on the basis that Ellison's testimony is limited to the actions and beliefs of Webster County officers who are no longer parties to this action and to events occurring at the

Webster County jail after September 7, 2010. Having reviewed the designated portions of Ellison's testimony, the Court agrees that this testimony is irrelevant and inadmissible. Ellison does not offer any testimony with regard to any remaining Defendant or offer any information that would be pertinent to the claims remaining for trial. As such, the Court finds Defendants' objections are well taken and shall be GRANTED.

### Casey Henderson

Defendants object to the following portions of Casey Henderson's deposition:

> Pg. 5, ln. 11 thru Pg. 7, ln. 3
> Pg. 12, ln. 2 thru Pg. 16, ln. 2.

Having reviewed the designated testimony, the Court agrees with Defendants' contention that it is irrelevant and inadmissible. Whereas the Logan, Caradine, and Ellison depositions deal with events occurring after September 7, 2010, Casey Henderson testifies only to events occurring before the incident at issue in this case. Henderson testifies regarding a prior arrest incident at Conway Manus' home involving Webster County. However, Henderson offers no testimony as to any Defendant remaining or of any events at issue in the case at bar. Thus, Defendants' objections are well taken and shall be GRANTED.

### Ron Nivens

Defendants object to the following portions of Ron Nivens' deposition:

> Pg. 114, ln. 6 thru Pg. 116, ln. 22
> Pg. 129, ln. 11 thru Pg. 131, ln. 13.

Defendants contend Ron Nivens is not an expert and is not qualified to offer the opinion testimony contained in the portions of his deposition designated above. However, Nivens' testimony is substantially limited to his personal observations and actions. To the extent that Nivens' testimony asserts an opinion beyond that which is acceptable for a lay witness under Federal Rule of Evidence 701, the nonjury nature of this action is particularly pertinent. As the

Court explained in its prior Order on Motions to Exclude [366], in determining the reliability and admissibility of expert opinion testimony "the importance of the trial court's gatekeeper role is significantly diminished in bench trials . . . because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." Whitehouse Hotel Ltd. P'ship v. C.I.R., 615 F.3d 321, 330 (5th Cir. 2010) (citing Gibbs, 210 F.3d at 500). Accordingly, the Court finds Defendants' objections are not well taken and shall be DENIED.

## Conclusion

Accordingly, the Court finds that Plaintiffs have WAIVED all objections to the deposition testimony specifically designated by Defendants in the pretrial order. Additionally, the Court DENIES Plaintiffs' request to offer into evidence any additional portions of Dr. Cullom's deposition not already designated in the pretrial order.

Defendants' objections to the above referenced portions of the depositions of Walter Logan, Lawrence Caradine, Keith Crenshaw, Rebecca Ellison, and Casey Henderson are GRANTED. Those portions shall not be admitted. However, Defendants' objections to the above referenced portions of the deposition of Ron Nivens are DENIED. Those portions shall be admitted.

SO ORDERED, this the 15th day of August, 2014.

                                                            /s/ Sharion Aycock
                                                            UNITED STATES DISTRICT JUDGE